UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| J. M. SMITH CORPORATION d/b/a<br>SMITH DRUG COMPANY | CIVIL ACTION |
| VERSUS | NO: 10-1483<br>c/w 10-1786<br>Ref: 10-1483 |
| CIOLINO PHARMACY WHOLESALE<br>DISTRIBUTORS, LLC AND STEVEN<br>F. CIOLINO | SECTION: "A" (4) |

## ORDER AND REASONS

Before the Court is a **Motion for Partial Summary Judgment (Rec. Doc. 54)** filed by Plaintiff, J. M. Smith Corporation d/b/a Smith Drug Company ("Plaintiff"). Defendant, Ciolino Pharmacy Wholesale Distributors, LLC ("Defendant"), opposes the motion. The motion, set for hearing on August 3, 2011, is before the Court on the briefs without oral argument. For the reasons that follow, the motion is **DENIED**.

## I. BACKGROUND

This lawsuit concerns unpaid balances owed on an open account. Defendant maintained an open account with Plaintiff to acquire certain pharmaceuticals. (Compl ¶ 4.) According to Plaintiff, Defendant failed to make payments for goods sold and delivered between November 2009 and December 2009. (*Id.*) As a result, Plaintiff filed suit against Defendant on May 17, 2010, claiming that it is owed $654,336.51 in addition to legal interest. (*See id.*) On July 19, 2010, Defendant, in conjunction with four other pharmaceutical entities, filed an Answer and raised a Counterclaim against Plaintiff, alleging breach of contract and unfair trade practices based on Plaintiff's

1

withdrawal from the New Orleans market and termination of the contract. (*See* Countercl.)

Previously, Plaintiff filed a motion for partial summary judgment for amounts allegedly owed under the open account. (Rec. Doc. 36.) The Court ruled that Plaintiff had met its burden in establishing a *prima facie* case on the open account, but that genuine issues of material fact existed as to whether Defendant was owed any rebates. (*See* Rec. Doc. 51.) In the instant motion for partial summary judgment, Plaintiff once again moves for partial summary judgment on amounts allegedly owed under the open account because no issues of fact exist regarding Defendant's right to rebates. (Pl.'s Mem. Supp. Mot. for Partial Summ. J. 2.)  Specifically, Plaintiff argues that Defendant never was entitled to EPIC rebates because Defendant is a wholesaler, and only retail drug stores are eligible for such rebates. (*Id.*)  In addition, Plaintiff moves to recover attorney's fees incurred in this litigation. (*Id.* at 3.) In opposition, Defendant argues that genuine issues of material fact exist as to whether Defendant is entitled to rebates given that Plaintiff allegedly promised Defendant rebates. (Def.'s Mem. Opp'n Mot. for Partial Summ. J. 5.) Defendant contends that even if it is ineligible to receive EPIC rebates, it is entitled to receive rebates because Plaintiff promised such rebates. (*Id.*)

## II.  STANDARD OF REVIEW

Summary Judgment is appropriate only if "the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any," when viewed in the light most favorable to the non-movant, "show that there is no genuine issue as to any material fact." *TIG Ins. Co. v. Sedgwick James*, 276 F.3d 754, 759 (5th Cir. 2002) (citing *Anderson v. Liberty Lobby, Inc.*, 447 U.S. 242, 249-50 (1986)). A dispute about a material fact is "genuine" if the evidence is such that a reasonable jury could return a verdict for the non-moving party. *Id.* (citing *Anderson*, 477 U.S. at 255). Once the moving party initially has shown "that there is an absence of evidence to

2

support the non-moving party's cause," *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986), then the non-movant must come forward with "specific facts" showing a genuine factual issue for trial. *Id.* (citing Fed. R. Civ. P 56(e); *Matsushita Elec. Indus. Co. v. Zenith Radio*, 475 U.S. 574, 587, (1986)). Conclusional allegations and denials, speculation, improbable inferences, unsubstantiated assertions, and legalistic argumentation do not adequately substitute for specific facts showing a genuine issue for trial. *Id.* (citing *SEC v. Recile*, 10 F.3d 1093, 1097 (1993)).

## III. DISCUSSION

Based on a review of the evidence presented, the Court once again concludes that genuine issues of material fact exist as to whether Defendant is entitled to rebates. Even if Defendant was ineligible to receive EPIC rebates, Defendant may be entitled to receive rebates if Plaintiff promised Defendant rebates and failed to provide them. *See Nat'l Gypsum Co. v. Ace Wholesale, Inc.*, 96-215, pp. 5-6 (La. App. 5 Cir. 11/26/96) (noting that a defendant may defeat a claim on an open account by demonstrating that the defendant is entitled to certain credits); *Gen. Elec. Co., Inc. v. Louisiana Elec. Supply Co., Inc.*, 460 So.2d 34, 36 (La. Ct. App. 1st Cir. 1984) (allowing the defendant to introduce evidence of promised rebates in order to defeat a claim on an open account). As a result, the Court finds that genuine issues of material fact still exist as to whether Plaintiff promised Defendant rebates. As noted in the Court's prior ruling, there is evidence to suggest that Plaintiff's employee, Russell Gray promised Defendant rebates regardless of its status as a wholesaler. (*See* Gray Dep. 79:1-25, Ex. G-12, Mar. 21, 2011.) Also, Defendant's owner, Steven Ciolino, testified that Defendant wholesaler was promised rebates by Plaintiff. (Ciolino Dep. 33:15-34:25; 73:15-74:2, Jan. 13, 2011.) Moreover, Plaintiff has failed to provide the Court with any support to indicate that Defendant's ineligibility for rebates precludes recovery for promised rebates. Furthermore, even if

Defendant is ineligible for EPIC rebates, issues of fact still exist as to whether Defendant was entitled to any other rebates outside of EPIC. Based on a review of the evidence presented, it is unclear whether the alleged promised rebates were provided solely through EPIC or through other sources as well. Given these factual issues, Plaintiff is not entitled to partial summary judgment on its open account claim and may not recover attorney's fees at this time.

## IV. CONCLUSION

Accordingly, and for the foregoing reasons;

**IT IS HEREBY ORDERED** that the **Motion for Partial Summary Judgment (Rec. Doc. 54)** filed by Plaintiff, J. M. Smith Corporation d/b/a Smith Drug Company is **DENIED**.

This 4th day of August 2011.

_____
JAY C. ZAINEY
UNITED STATES DISTRICT JUDGE

4