UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

J. M. SMITH CORPORATION d/b/a　　　　　　　　　CIVIL ACTION
SMITH DRUG COMPANY

VERSUS　　　　　　　　　　　　　　　　　　　　　NO: 10-1483
　　　　　　　　　　　　　　　　　　　　　　　　　c/w 10-1786
　　　　　　　　　　　　　　　　　　　　　　　　　Ref: 10-1483

CIOLINO PHARMACY WHOLESALE　　　　　　　　　　SECTION: "A" (4)
DISTRIBUTORS, LLC et al.

## ORDER AND REASONS

Before the Court is a **Motion for Partial Summary Judgment (Rec. Doc. 139)** filed by Defendant-in-counterclaim, J. M. Smith Corporation d/b/a Smith Drug Company ("Smith"). Plaintiffs-in-counterclaim, Ciolino Pharmacy Wholesale Distributors, LLC ("CPWD"), JJK Wholesale Distributors, LLC ("JJK"), Ciolino Pharmacy, Inc. ("C's 1"), C's Discount Pharmacy, Inc. ("C's 2"), and Fast Access Specialty Therapeutics, LLC ("FAST") (collectively herinafter "the Ciolino Entities"), oppose the motion. The motion, set for hearing on August 29, 2012, is before the Court on the briefs without oral argument.[1] For the reasons that follow, the motion is **DENIED**.

## I. BACKGROUND

The original lawsuit filed by Smith, a pharmaceutical wholesaler, concerns unpaid balances owed on an open account. CPWD maintained an open account with Smith to acquire certain pharmaceuticals. (Compl ¶ 4.). According to Smith, CPWD failed to make payments for goods sold and delivered between November 2009 and December 2009. (*Id.*). As a result, Smith filed suit against CPWD on May 17, 2010, claiming that it is owed $654,336.51 and legal interest. (*See id.*). On July 19, 2010, the Ciolino

---

[1] Smith has filed a request for oral argument but the Court is not persuaded that oral argument would be helpful.

1

Entities filed an Answer and raised a Counterclaim against Smith, alleging breach of contract and unfair trade practices based on Smith's withdrawal from the New Orleans market and termination of the contract. (*See* Countercl.).

Smith filed the instant motion for partial summary judgment, arguing that it is entitled to summary judgment to limit, in both time and scope, the contract claims to be asserted at trial by CPWD and JJK, and a portion of the contract claims of C's 1, C's 2, and FAST. For the following reasons, the motion is denied.

A four-day jury trial is set for Tuesday, November 13, 2012, at 8:30 a.m.

## II. **STANDARD OF REVIEW**

Summary Judgment is appropriate only if, "the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any," when viewed in the light most favorable to the non-movant, "show that there is no genuine issue as to any material fact." *TIG Ins. Co. v. Sedgwick James*, 276 F.3d 754, 759 (5th Cir. 2002) (citing *Anderson v. Liberty Lobby, Inc.*, 447 U.S. 242, 249-50 (1986)). A dispute about a material fact is "genuine" if the evidence is such that a reasonable jury could return a verdict for the non-moving party. *Id.* (citing *Anderson*, 477 U.S. at 255). Once the moving party has initially shown "that there is an absence of evidence to support the non-moving party's cause," *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986), the non-movant must come forward with "specific facts" showing a genuine factual issue for trial. *Id.* (citing Fed. R. Civ. P 56(e); *Matsushita Elec. Indus. Co. v. Zenith Radio*, 475 U.S. 574, 587, (1986)). Conclusional allegations and denials, speculation, improbable inferences, unsubstantiated assertions, and legalistic argumentation do not adequately substitute for specific facts showing a genuine issue for trial. *Id.* (citing *SEC v. Recile*, 10 F.3d 1093, 1097 (1993)).

## III. **DISCUSSION**

Smith asserts two over-arching arguments in the instant motion. First, with regard to CPWD

and JJK, there was no contract, but if one did exist, there are no cognizable damages. (Rec. Doc. 139-1). Second, with regards to damages claimed by the remaining Ciolino Entities, these damages are not available past one year, as they would be speculative as a matter of law given that any alleged agreement between Smith and the Ciolino Entities was subject to an annual review, at which time any party could have terminated the alleged agreement. (*Id.*). Alternatively, Smith offers that if there was a contract with a term extending beyond one year, with regard to C's 1 and C's 2, the damages cannot extend beyond May, 2012, when these concerns were sold. (*Id.*)

As evidence of its first over-arching claim, Smith offers first that JJK "concedes" that "Smith did not undertake an obligation to perform anything with JJK" (Rec. Doc. 139-1 at 10) and as a result, "JJK's breach of contract claim fails." (*Id.*) This concession ostensibly is to be drawn from the admission by Greg Johns, part-owner of JJK, that JJK never had a "prime vendor agreement" with Smith and was getting its "product from CPWD" and not from Smith directly (Rec. Doc. 139-1 at 12, citing to Depo. of Johns p. 20, 1.4 - p. 22, 1.14). Second, Smith offers that if there was a contract between CPWD and Smith, "CPWD readily admits it did not sustain any damage" (Rec. Doc. 139-1 at 13) and therefore cannot maintain its claim for damages. This admission is ostensibly drawn from the Legier Expert Report where the business model in operation between CPWD and JJK is analyzed. (Rec. Doc. 139-1 at 13). Smith argues, in essence, that if there was a contract, it was only a contract between Smith and CPWD. And because CPWD was to transfer all of the product obtained through this contract to JJK *at cost*, it would be impossible for CPWD to sustain damage even were there a contractual breach. Additionally, as JJK was not a named-party to the purported contract between CPWD and Smith, were JJK to sustain damages stemming from a contractual breach between Smith and CPWD, Smith bears no responsibility.

To the second over-arching argument, Smith offers that as, "any alleged contract between Smith

3

and the Ciolino Entities could be modified or terminated after one year" (Rec. Doc.139-1 at 15) consequently, "all of the Ciolino Entities claim [sic] for damages past one year should be dismissed." (*Id.*). In support of this claim, Smith points to statements made during Mr. Ciolino's deposition and Mr. Gray's deposition, as well as documents exchanged between the parties. (Rec. Doc. 139-1 at 14-15). According to Smith, this evidence as a whole establishes that if there was a contract, it could have been terminated after one year, it would have been terminated after one year, and therefore any damages beyond that one-year period are speculative as a matter of law. (Rec. Doc. 139-1 at 14-20). Alternatively, Smith argues that if the finder of fact were to determine that an assessment of damages beyond this one year point is proper, with regard to C's 1 and C's 2, the extent of damages should be capped at the alleged date of sale of these concerns, i.e., May 2012. (Rec Doc. 139-1 at 20).

In opposition, the Ciolino Entities argue that Smith has failed to meet its burden for summary judgment on the instant motion. Specifically, the Ciolino Entities assert that there are open questions of material fact as to whether there was a contract concerning JJK, either as a third-party beneficiary or as a party to a joint venture with CPWD in CPWD's contract with Smith. (Rec. Doc. 170 at 8-12). Additionally, the Ciolino Entities contend that Smith has failed to present any evidence that either party would have terminated the agreement at the first annual review, and that absent this evidence, any conclusion thereon would be mere speculation, thereby leaving open another issue of material fact. (Rec. Doc. 170 at 13). Next, Ciolino Entities assert that Smith's argument that damages beyond one year are not susceptible of calculation, with reasonable certainty as a matter of law, also fails for lack of evidence and consequently cannot be disposed of by summary judgment. (Rec. Doc. 170 at 14-17). Lastly, Ciolino Entities argues that the mere "argument of counsel regarding the content of a supplemental expert report, with the corollary assertion of a proposition that damages should cease at the date of sale" is insufficient evidence to establish the date of sale of C's 1 and C's 2, and accordingly, any judgment

4

based on this "scintilla" of evidence would be improper given Smith's burden of proof. (Rec. Doc. 170 at 17).

While the Court is sensitive to the inherent desire for an efficient resolution of this dispute, the Court is disinclined to piecemeal this action given its complexity. Based on a review of the evidence presented, the Court concludes that genuine issues of material fact exist as to whether there was a contract between Smith and JJK, either as a third-party beneficiary or a party to a joint venture with CPWD[2]; whether damages were sustained by CPWD; and whether a damage calculation should extend beyond one year. While it is not apparent that this date will ultimately prove relevant, the Court does recognize, based on the judicial admissions of counsel for the Ciolino Entities, in the July 18, 2012 hearing before Magistrate Judge Roby, that May 2012, will operate as the date that C's 1 and C's 2 were sold, and damages beyond this point for these entities will not be available if liability is found. (Rec. Doc. 138).

## IV. CONCLUSION

Accordingly, and for the foregoing reasons;

**IT IS HEREBY ORDERED** that the **Motion for Partial Summary Judgment (Rec. Doc. 139)** filed by Defendant-in-counterclaim, J. M. Smith Corporation d/b/a Smith Drug Company, is **DENIED**.

This 26th day of September 2012.

_____
JAY C. ZAINEY

---

[2]While the Court is concerned that the Ciolino Entities had not advanced this argument, regarding the relationship between JJK and Smith, prior to its response to the instant motion, the Court remains unpersuaded that Smith can insulate itself from liability stemming from a potential breach of contract based on the particular business model employed by the Ciolino Entities.

5

UNITED STATES DISTRICT JUDGE