UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| J. M. SMITH CORPORATION d/b/a<br>SMITH DRUG COMPANY | CIVIL ACTION |
| VERSUS | NO: 10-1483<br>c/w 10-1786<br>Ref: Both |
| CIOLINO PHARMACY WHOLESALE<br>DISTRIBUTORS, LLC et al. | SECTION: "A" (4) |

ORDER AND REASONS

Before the Court is a **Motion for Partial Summary Judgment (Rec. Doc. 142)** filed by Defendant-in-counterclaim, J. M. Smith Corporation d/b/a Smith Drug Company ("Smith"). Plaintiffs-in-counterclaim, Ciolino Pharmacy Wholesale Distributors, LLC ("CPWD"), JJK Wholesale Distributors, LLC ("JJK"), Ciolino Pharmacy, Inc. ("C's 1"), C's Discount Pharmacy, Inc. ("C's 2"), and Fast Access Specialty Therapeutics, LLC ("FAST") (collectively herinafter "the Ciolino Entities"), oppose the motion. The motion, set for hearing on August 29, 2012, is before the Court on the briefs without oral argument.[1] For the reasons that follow, the motion is **DENIED**.

I. **BACKGROUND**

The original lawsuit filed by Smith, a pharmaceutical wholesaler, concerns unpaid balances owed on an open account. CPWD maintained an open account with Smith to acquire certain pharmaceuticals. (Compl ¶ 4.). According to Smith, CPWD failed to make payments for goods

---

[1] Smith has filed a request for oral argument but the Court is not persuaded that oral argument would be helpful.

1

sold and delivered between November 2009 and December 2009. (*Id.*). As a result, Smith filed suit against CPWD on May 17, 2010, claiming that it is owed $654,336.51 and legal interest. (*See id.*). On July 19, 2010, the Ciolino Entities filed an Answer and Counterclaim against Smith, alleging breach of contract and unfair trade practices based on Smith's withdrawal from the New Orleans market and termination of the contract. (*See* Countercl.).

Smith filed the instant motion for partial summary judgment, arguing that it is entitled to summary judgment to limit, in both time and scope, the contract claims asserted by CPWD and JJK, and a portion of the contract claims of C's 1, C's 2, and FAST. For the following reasons, the motion is denied.

A four-day jury trial is set for Tuesday, November 13, 2012, at 8:30 a.m.

## II. STANDARD OF REVIEW

Summary Judgment is appropriate only if, "the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any," when viewed in the light most favorable to the non-movant, "show that there is no genuine issue as to any material fact." *TIG Ins. Co. v. Sedgwick James*, 276 F.3d 754, 759 (5th Cir. 2002) (citing *Anderson v. Liberty Lobby, Inc.*, 447 U.S. 242, 249-50 (1986)). A dispute about a material fact is "genuine" if the evidence is such that a reasonable jury could return a verdict for the non-moving party. *Id.* (citing *Anderson*, 477 U.S. at 255). Once the moving party has initially shown "that there is an absence of evidence to support the non-moving party's cause," *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986), the non-movant must come forward with "specific facts" showing a genuine factual issue for trial. *Id.* (citing Fed. R. Civ. P 56(e); *Matsushita Elec. Indus. Co. v. Zenith Radio*, 475 U.S. 574, 587, (1986)). Conclusional allegations and denials, speculation, improbable inferences, unsubstantiated assertions, and legalistic argumentation do not adequately substitute for specific

facts showing a genuine issue for trial. *Id.* (citing *SEC v. Recile*, 10 F.3d 1093, 1097 (1993)).

### III. DISCUSSION

In the instant motion, Smith cites relevant Louisiana case law which holds that a claim for tortious interference with a contract requires:

> (1) the existence of a contract or a legally protected interest between the plaintiff and the corporation; (2) the corporate officer's knowledge of the contract; (3) the officer's intentional inducement or causation of the corporation to breach the contract or his intentional rendition of its performance impossible or more burdensome; (4) absence of justification on the part of the officer; (5) causation of damages to the plaintiff by the breach of the contract or difficulty of its performance brought about by the officer.

*Active Solutions, L.L.C. v. Dell, Inc.* 73 So.3d 934, 947 (La..App. 4 Cir. 2011)(citing *9 to 5 Fashions, Inc. v. Spurney*, 538 So.2d 228 (La. 1989)).

Smith asserts that the Ciolino Entities' tortious interference with their contract claim must fail as a matter of law given that:

> (1) Smith was never a party to a contract between the Ciolino Entities and third parties, (2) the Ciolino Entities to [sic] not assert a claim against a corporate officer of Smith, and (3) the Ciolino Entities have no evidence that a Smith corporate officer acted outside of his or her authority or that any Smith corporate officer's actions were detrimental to Smith.

(Rec. Doc. 142 at 1).

Smith first argues that given the "narrow cause of action for tortious interference" allowed under *Spurney*, and Smith's position that Smith was not a party to the contracts at issue in this claim, the Ciolino Entities' claim for tortious interference with their contract must fail since there is no duty owed by Smith under *Spurney* for contracts between the Ciolino Entities and third party suppliers or third party customers. *Hibernia Community Development Corp.,* 166 F.Supp.2d 511, 514. As the Court held in its order denying Smith's motion for partial summary judgment on the Ciolino Entities' contract claim (Rec. Doc. 208), the Court concludes that there are genuine issues

3

of material fact as to whether there was a contract between Smith and JJK, either as a third-party beneficiary or a party to a joint venture with CPWD, and accordingly the Court cannot rule as a matter of law that the Ciolino Entities are merely bringing a claim for tortious interference with contracts between the Ciolino Entities and their third-party suppliers or customers. Simply put, if a fact-finder were to conclude there is a contract between Smith and one of the entities characterized by Smith as a third-party, then that finding would provide the basis for the tortious interference with contract claim.

Smith argues next that the Ciolino Entities' claim for tortious interference fails because the Ciolino Entities have not named a corporate officer, and a claim for tortious interference with a contract may only be brought against an officer of a corporation and not against the corporation itself. (Rec. Doc. 142-1 at 6). In response to this argument that the Ciolino Entities have failed to name a corporate officer as required under *Spurney*, the Ciolino Entities point to paragraphs 50 and 51 of their counterclaim, and assert that they have provided sufficient information to put Smith[2] on notice that they were asserting a claim for the intentional interference with a contract by its "agents, representative, and employees." (Rec. Doc. 172 at p. 18). The Ciolino Entities go on to argue that, "[b]ecause Simerly [sic] actions were within the course and scope of his employment with Smith, Smith is vicariously liable for Simerly's torts." (*Id.*). The Ciolino Entities conclude that a tortious interference with a contract claim under Louisiana law is properly pled where a corporation employing an officer is put on notice that claims are being asserted against its, "agents, representatives, and employees" as it will ultimately be liable vicariously for that officer's actions. (*Id.*). The Ciolino Entities acknowledge that their vicarious liability argument represents, "a small

---

[2]The Court notes that it is unclear under Louisiana law whether Smith would be the appropriate party to be put on notice for this particular claim.

4

deviation from the facts of 9 to 5 , but the Ciolino Entities' [sic] believe the Louisiana Supreme Court would recognize such a deviation." (*Id.*). Under *Erie R. Co. v. Tompkins*, 304 U.S. 64, a federal court sitting in a diversity case is required to apply the substantive law of the state in which it sits and cannot decide, *sua sponte*, unresolved issues of state law. The Court has not been able to find authority from the Louisiana Supreme Court supporting or contradicting the Ciolino Entities' "deviation" from the facts set out in *Spurney*. (Rec. Doc. 172 at p. 18). At this juncture, the Court finds that there are sufficient facts in dispute such that it is not able to determine whether the tortious interference with a contract claim has been properly pled.

Finally, Smith argues that the Ciolino Entities have not offered any proof that Smith's officer acted without justification or without authority and that absent this proof, the Ciolino Entities will be unable to prevail on its claim for tortious interference. Smith argues that, "the Ciolino Entities must 'prove that the corporate officers acted outside of their corporate authority or in a manner they knew to be detrimental to [Smith's] corporate interest.'" (Rec. Doc. 142-1 at p. 8)(citing *Dorsey*, 2005 WL 2036738 at *17). In opposition, the Ciolino Entities argue that Smith has failed to meet its burden for summary judgment on this issue. Specifically, the Ciolino Entities assert that there are questions of material fact regarding the motive behind Smith's Vice President of Sales Rick Simerly's actions that resulted in Smith's alleged breach of the purported oral contract with the Ciolino Entities. Ostensibly, these questions regarding motive are critical in determining whether Simerly's actions, if in breach of a contract cognizable under this tort, were justified. To support their position that a Smith officer acted without justification in interfering with the purported contract between Smith and the Ciolino Entities, the Ciolino Entities argue that, "[c]ircumstantially it appears that Simerly realized he had made a huge mistake and sought to remedy that mistake by intentionally causing Smith to quickly breach the contract...."

5

While the Court is sensitive to the inherent desire for an efficient resolution of this dispute, the Court is disinclined to piecemeal this action given its complexity. Based on a review of the evidence presented, the Court concludes that genuine issues of material fact exist as to whether there was a contract[3] between Smith and the Ciolino Entities which was intentionally interfered with by a corporate officer at Smith, and whether this interference, if established, was justifiable.

## IV. CONCLUSION

Accordingly, and for the foregoing reasons;

**IT IS HEREBY ORDERED** that the **Motion for Partial Summary Judgment (Rec. Doc. 142)** filed by Defendant-in-counterclaim, J. M. Smith Corporation d/b/a Smith Drug Company, is **DENIED**.

This 15th day of October 2012.

_____
JAY C. ZAINEY
UNITED STATES DISTRICT JUDGE

---

[3] The determination first as to whether there was a contract between Smith and the Ciolino Entities, and the exact parameters of that contract, are unresolved issues of fact which must be determined prior to an analysis under *Spurney*. Assuming, *arguendo*, that there was a contract, the specific parameters of this contract will be crucial to this analysis as *Spurney* requires breach, causation of damages, and a finding that this breach, if proven, was the result of an intentional and unjustifiable action on the part of a corporate officer.