UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

J. M. SMITH CORPORATION d/b/a　　　　　　　　　CIVIL ACTION
SMITH DRUG COMPANY

VERSUS　　　　　　　　　　　　　　　　　　　　　NO: 10-1483
　　　　　　　　　　　　　　　　　　　　　　　　c/w 10-1786
　　　　　　　　　　　　　　　　　　　　　　　　Ref: Both

CIOLINO PHARMACY WHOLESALE　　　　　　　　　SECTION: "A" (4)
DISTRIBUTORS, LLC et al.

## ORDER AND REASONS

Before the Court is a **Motion for Partial Summary Judgment (Rec. Doc. 146)** filed by Defendant-in-counterclaim, J. M. Smith Corporation d/b/a Smith Drug Company ("Smith"). Plaintiffs-in-counterclaim, Ciolino Pharmacy Wholesale Distributors, LLC ("CPWD"), JJK Wholesale Distributors, LLC ("JJK"), Ciolino Pharmacy, Inc. ("C's 1"), C's Discount Pharmacy, Inc. ("C's 2"), and Fast Access Specialty Therapeutics, LLC ("FAST") (collectively herinafter "the Ciolino Entities"), oppose the motion. The motion, set for hearing on September 12, 2012, is before the Court on the briefs without oral argument.[1] For the reasons that follow, the motion is **DENIED**.

## I. BACKGROUND

The original lawsuit filed by Smith, a pharmaceutical wholesaler, concerns unpaid balances owed on an open account. CPWD maintained an open account with Smith to acquire certain pharmaceuticals. (Compl ¶ 4.). According to Smith, CPWD failed to make payments for goods sold and delivered between November 2009 and December 2009. (*Id.*). As a result, Smith filed suit

---

[1] Smith has filed a request for oral argument but the Court is not persuaded that oral argument would be helpful.

1

against CPWD on May 17, 2010, claiming that it is owed $654,336.51 and legal interest. (*See id.*). On July 19, 2010, the Ciolino Entities filed an Answer and Counterclaim against Smith, alleging breach of contract and unfair trade practices based on Smith's withdrawal from the New Orleans market and termination of the contract. (*See* Countercl.).

Smith filed the instant motion for partial summary judgment, arguing that it is entitled to dismissal of the claim brought by the Ciolino Entities under the Louisiana Unfair Trade Practices and Consumer Protection Law. For the following reasons, the motion is denied.

A four-day jury trial is set for Tuesday, February 19, 2013, at 8:30 a.m.

## II. **STANDARD OF REVIEW**

Summary Judgment is appropriate only if, "the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any," when viewed in the light most favorable to the non-movant, "show that there is no genuine issue as to any material fact." *TIG Ins. Co. v. Sedgwick James*, 276 F.3d 754, 759 (5th Cir. 2002) (citing *Anderson v. Liberty Lobby, Inc.*, 447 U.S. 242, 249-50 (1986)). A dispute about a material fact is "genuine" if the evidence is such that a reasonable jury could return a verdict for the non-moving party. *Id.* (citing *Anderson*, 477 U.S. at 255). Once the moving party has initially shown "that there is an absence of evidence to support the non-moving party's cause," *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986), the non-movant must come forward with "specific facts" showing a genuine factual issue for trial. *Id.* (citing Fed. R. Civ. P 56(e); *Matsushita Elec. Indus. Co. v. Zenith Radio*, 475 U.S. 574, 587 (1986)). Conclusional allegations and denials, speculation, improbable inferences, unsubstantiated assertions, and legalistic argumentation do not adequately substitute for specific facts showing a genuine issue for trial. *Id.* (citing *SEC v. Recile*, 10 F.3d 1093, 1097 (1993)).

2

## III. **DISCUSSION**

Smith seeks partial summary judgment on the Ciolino Entities' claim under the Louisiana Unfair Trade Practices and Consumer Protection Law ("LUTPA" a.k.a. "Louisiana Unfair Trade Practices Act"). Smith argues that it is entitled to summary judgment dismissing the Ciolino Entities' LUTPA claim because this dispute is, "based on nothing more than a business deal gone bad, with no evidence of any special relationship of trust between the parties or intentional deception or egregious acts of fraud as required under LUTPA." (Rec. Doc. 146-1 at 1). Smith summarizes the dispute as "only a breach of contract claim, which is not actionable under LUTPA[.]" Smith supports its argument that breach of contract claims are not actionable under LUTPA by quoting *Turner v. Purina Mills, Inc.*, 989 F.2d 1419, 1422 (5th Cir. 1993), that "[t]here is a great deal of daylight between a breach of contract claim and the egregious behavior [that LUTPA] proscribes." (Rec. Doc. 186 at 3). The Court finds that there are genuine issues of material fact as to whether Smith has engaged in behavior proscribed by LUPTA which must be determined by the trier of fact.

As Judge Vance recently held in *Cargill, Inc. et al. v. Degesch America, Inc. et al.*, 2012 WL 2367392 (E.D. La.):

> LUTPA prohibits "[u]nfair methods of competition and unfair or deceptive acts or practices in the conduct of any trade or commerce[,]" La. R.S. § 51:1405, and confers a private right of action on "any person who suffers any ascertainable loss of money or movable property, corporeal or incorporeal," from these unfair trade practices. La. R.S. § 51:1409(A). To succeed on a LUTPA claim, a plaintiff must show that the alleged conduct "offends established public policy and ... is immoral, unethical, oppressive, unscrupulous, or substantially injurious." *Cheramie Servs. v. Shell Deepwater Prod.*, 35 So. 3d 1053, 1059 (La. 2010) (quoting *Moore v. Goodyear Tire & Rubber Co.*, 364 So. 2d 630, 633 (La. App. 2nd Cir. 1978)). What constitutes an unfair trade violation is determined on a case-by-case basis. *Cheramie Servs.*, 35 So. 3d at 1059. However, conclusory allegations of unethical or oppressive conduct not supported by the record are insufficient. See *Lilawanti Enters. v. Walden Book Co.*, 670 So. 2d 558, 561 (La. App. 4th Cir. 1996).

*Cargill*, 2012 WL 2367392 at *6.

Smith contends that, "the Ciolino Entities' LUTPA [claim] fails because they cannot muster evidence, or even an adequate allegation, that Smith engaged in unethical, oppressive, unscrupulous, or substantially injurious conduct." (Rec. Doc. 146-1 at 12). Smith compares the instant action to that in Cargill arguing that, "[h]ere, as in *Cargill, Inc.*, the Ciolino Entities' allegations in support of their LUTPA claim evidence nothing more than 'a normal business relationship' whereby Smith and the Ciolino Entities entered into what turned out to be an unsuccessful business relationship that was ultimately terminated to the Ciolino Entities' dissatisfaction." (Rec. Doc. 146-1 at 8) (*citing Cargill*, 2012 WL 2367392 at *6). Smith concludes, "[i]n short, because the Ciolino Entities' LUTPA claim is nothing more than a masked breach of contract claim, it should be dismissed." (Rec. Doc. 146-1 at 8).

The Ciolino Entities counter, alleging:

> Overall, Smith Drug entered the market without due diligence in an attempt to induce retailers to break their existing agreements with third parties[2], offering discounts from a list price, promising sales below its own cost as part of a tying arrangement, holding out rebates it had no intention of paying - but failed in the attempt, partially through an inability to supply Southeast Louisiana, which inability was concealed from the Ciolino Entities, and which inability arises from the simultaneous attempt to open another market in Florida, and thereafter withdrew without notice, causing disruption of the marketplace, injury to competition, and damages to the Ciolino Entities - who contend that these are precisely the affirmatives harms that the LUTPA was enacted to prevent.

(Rec. Doc. 169 at 14).

The Ciolino Entities support the argument that Smith sold below cost as part of a tying arrangement by referring to the deposition of Russell Gray, Smith's territorial account manager, taken on March 21, 2011, wherein discount rates to be offered to the Ciolino Entities based upon certain purchasing volumes are described; by referring to the deposition of Michael D. Robinson,

---

[2]The Court finds that this allegation, even if proven, would not necessarily establish that Smith violated the LUTPA.

4

Smith's regional manager, taken on Friday, February 18, 2011, wherein a sales loss is mentioned; and by referring to emails between Mr. Robinson and Mr. Gray, wherein offers to sell at certain rates below the wholesale acquisition price were discussed. (Rec. Doc. 169 at 10-14). As the Court held in its decision of October 30, 2012,[3] the issue of whether Smith sold below cost is one of fact to be resolved by the finder of fact. Related, whether these sales were part of an impermissible tying arrangement is another issue to be resolved by the finder of fact.

The Ciolino Entities support the allegation that Smith offered rebates it had no intention of paying by referring to the aforementioned emails between Messrs. Robinson and Gray where discounts pertaining to sales to CPWD are mentioned. (Rec. Doc. 169 at 10-14). The Ciolino Entities allege that included in this discount calculation were EPIC rebates that Smith knew CPWD was ineligible to receive. (Rec. Doc. 169 at 10). As acknowledged in Mr. Robinson's declaration of June 13, 2011, EPIC rebates are only available to retail drugstores and accordingly CPWD, a wholesale pharmaceutical concern, would not have qualified for them.

The Court finds that the Ciolino Entities have introduced sufficient evidence to withstand Smith's motion for partial summary judgment. In particular, the Court finds that genuine issues of material fact exist as to whether Smith promised sales below its own cost as part of a tying arrangement, and whether Smith held out rebates it knew it would be unable to honor in an effort to lure customers in violation of LUTPA.[4]

Smith next argues that in *Metcalfe & Sons Investments, Inc. V. Multiquip, Inc.* 2011 WL 4527432 (M.D. La. 2011), the court held:

---

[3]Rec. Doc. 244

[4]The Court stresses that while the evidence presented is sufficient to withstand Smith's motion for partial summary judgment, a finder of fact will have to determine whether the Ciolino Entities' evidence is sufficient to prove a violation under LUTPA.

5

> [T]hat LUTPA only "forbids businesses to destroy each other through improper means" and not to compete. The court went on to state that "LUTPA is aimed at remedying deceptive and unfair practices that occur within the context of a fiduciary or other 'special relationship' between the parties; the absence of such a special relationship dooms a LUTPA claim."

(Rec. Doc. 146-1 at 9-10). Smith asserts that "[j]ust as in *Metcalfe*, the Ciolino Entities' LUTPA claim is 'doomed[]' [because] the Ciolino Entities cannot establish any special relationship between Smith and the Ciolino Entities." (Rec. Doc. 146-1 at 10). The Ciolino Entities dispute this contention that a "special relationship" or fiduciary duty must be proven to maintain a claim under LUTPA, stating, "Smith Drug has failed to address the fact that the line of cases involving a fiduciary relationship are competitor cases, rather than consumer cases."(Rec. Doc. 201 at 2). The Court agrees. Given that the dispute at issue in this case arose out of the sale of pharmaceuticals by Smith to the Ciolino Entities, the Ciolino Entities are better described as consumers than as business competitors. Accordingly, the line of cases that establish the need to prove a "special relationship" or fiduciary duty is inapplicable to the instant action.[5]

Smith continues that "[l]acking from the Ciolino Entities' claim is any allegation, let alone evidence, that Smith engaged in the type of intentional deception required to maintain a claim under

---

[5] While the competitor line of cases is inapplicable to this action, the Court is reluctant to conclude that the drafters of LUTPA contemplated that sophisticated business transactions, such as the one present in this case, would fall within the ambit of "consumer transactions." LUTPA defines "Consumer transaction" as "any transaction involving trade or commerce to a natural person, the subject of which transaction is primarily intended for personal, family, or household use." La. R.S. § 51:1402(3). The Court however, declines to dismiss the LUTPA claim brought by the Ciolino Entities on this basis because, as the Louisiana Supreme Court held in *Cheramie*, "LUTPA grants a right of action to any person, natural or juridical, who suffers an ascertainable loss as a result of another person's use of unfair methods of competition and unfair or deceptive acts or practices in the conduct of any trade or commerce." *Cheramie Servs. v. Shell Deepwater Prod.*, 35 So.3d 1053, 1057 (La. 2010). Further, "it has been left to the courts to decide, on a case-by-case basis, what conduct falls within the statute's prohibition." *Id* at 1059. Ultimately, the Court concludes that the prudent course is to proceed with this claim and let the finder of fact determine whether Smith's actions violated LUTPA.

LUTPA." (Rec. Doc. 146-1 at 8). To the deceptive practices requirement under LUTPA urged by Smith, "[t]he Ciolino Entities dispute that deception is required in every LUTPA case, but is rather but one disjunct under which the statute allows recovery." (Rec. Doc. 169 at 9). The Court agrees. Deception is not an essential element to be proven in every claim arising under LUTPA. Deception is but one of several possible egregious acts that would violate LUTPA. That said, even if an allegation of deception was required, the Ciolino Entities have presented sufficient evidence to withstand a motion for summary judgment on this issue.

Based on a review of the evidence presented, the Court concludes that disputed issues of fact regarding Smith's alleged violation of LUTPA preclude the granting of this motion for partial summary judgment. The jury will determine at trial whether the Ciolino Entities have established a valid claim against Smith under LUTPA.

## IV. CONCLUSION

Accordingly, and for the foregoing reasons;

**IT IS HEREBY ORDERED** that the **Motion for Partial Summary Judgment (Rec. Doc. 146)** filed by Defendant-in-counterclaim, J. M. Smith Corporation d/b/a Smith Drug Company, is **DENIED**.

This 9th day of November 2012.

JAY C. ZAINEY
UNITED STATES DISTRICT JUDGE