UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| J. M. SMITH CORPORATION d/b/a<br>SMITH DRUG COMPANY | CIVIL ACTION |
| VERSUS | NO: 10-1483<br>c/w 10-1786<br>Ref: Both |
| CIOLINO PHARMACY WHOLESALE<br>DISTRIBUTORS, LLC et al. | SECTION: "A" (4) |

## ORDER AND REASONS

Before the Court is a **Motion for Reconsideration of Magistrate's Discovery Pretrial Order (Rec. Doc. 250)** filed by Defendants Ciolino Pharmacy Wholesale Distributors, LLC ("CPWD"), JJK Wholesale Distributors, LLC, Ciolino Pharmacy, Inc., C's Discount Pharmacy, Inc., and Fast Access Specialty Therapeutics, LLC (collectively herinafter "the Ciolino Entities"). Plaintiff J. M. Smith Corporation d/b/a Smith Drug Company ("Smith") opposes the motion. The motion, set for hearing on November 21, 2012, is before the Court on the briefs without oral argument. For the reasons that follow, the motion is **DENIED**.

## I. BACKGROUND

The original lawsuit filed by Smith, a pharmaceutical wholesaler, concerns unpaid balances owed on an open account. CPWD maintained an open account with Smith to acquire certain pharmaceuticals. (Compl ¶ 4.). According to Smith, CPWD failed to make payments for goods sold and delivered between November 2009 and December 2009. (*Id.*). As a result, Smith filed suit against CPWD on May 17, 2010, claiming that it is owed $654,336.51 and legal interest. (*See id.*). On July 19, 2010, the Ciolino Entities filed an Answer and Counterclaim against Smith, alleging breach

1

of contract and unfair trade practices based on Smith's withdrawal from the New Orleans market and termination of the contract. (*See* Countercl.).

The Ciolino Entities filed the instant pleading moving the Court to set aside the order issued by Magistrate Judge Roby on October 24, 2012 allowing for the re-deposition of the Ciolino Entities expert. For the following reasons, the motion is denied.

A four-day jury trial is set for Tuesday, February 19, 2013, at 8:30 a.m.

## II. DISCUSSION

As the Ciolino Entities properly acknowledge, per 28 U.S.C. § 636(b)(1)(A)**:**

> [A] judge may designate a magistrate judge to hear and determine any pretrial matter pending before the court, except a motion for injunctive relief, for judgment on the pleadings, for summary judgment, to dismiss or quash an indictment or information made by the defendant, to suppress evidence in a criminal case, to dismiss or to permit maintenance of a class action, to dismiss for failure to state a claim upon which relief can be granted, and to involuntarily dismiss an action. A judge of the court may reconsider any pretrial matter under this subparagraph (A) where it has been shown that the magistrate judge's order is clearly erroneous or contrary to law.

28 U.S.C. § 636(b)(1)(A). Per the Federal Rules of Civil Procedure, if a party objects to a magistrate judge's decision, the district judge in the case must consider timely objections and modify or set aside any part of the order that is clearly erroneous or is contrary to law. F.R.Civ.P. 72(a). Under this standard, factual findings are reviewed for clear error, which is present when the reviewing court upon examination of the entire evidence is left with the definite and firm conviction that a mistake has been committed. *Kiln Underwriting Ltd. v. Jesuit High Sch. of New Orleans*, 2008 U.S. Dist. LEXIS 86286, 2008 WL 4724390, at *2 (E.D. La. 2008). Conclusions of law should be overturned when the magistrate fails to apply or misapplies relevant statutes, case law, or rules of procedure. *Id.* For issues that are committed by law to a judge's discretion, such as the resolution of discovery disputes, the magistrate's rulings are reviewed for abuse of discretion. *Id.* Further, the re-deposition of an expert is

permitted regarding "supplemental opinions." See *Hidalgo v. Cooley Godward Castro Huddleson & Tatum*, 2004 WL 936859 at *2 (N.D. Tx 2004) (a party may re-depose an expert on "new opinions and conclusions which were not included in his original expert report").

Despite acknowledgment of the law applicable to the instant dispute, the Ciolino Entities urge the court to set aside the order of the magistrate judge in this matter. The Court sees no basis given the standard of review and the record before it. There are obvious and substantial differences between the two expert reports and the magistrate judge's determination that a re-deposition is warranted is reasonable.

After a review of the record, the applicable law, the magistrate judge's order and the Ciolino Entities's objections to that order, the opposition filed by Smith, and the expert reports filed under seal, the Court finds the decision by Magistrate Judge Roby to be appropriate and hereby approves and adopts it as the Court's opinion in this matter.

### III. CONCLUSION

Accordingly, and for the foregoing reasons;

**IT IS HEREBY ORDERED** that the **Motion for Reconsideration of Magistrate's Discovery Pretrial Order (Rec. Doc. 250)** filed by Defendants Ciolino Pharmacy Wholesale Distributors, LLC , JJK Wholesale Distributors, LLC, Ciolino Pharmacy, Inc., C's Discount Pharmacy, Inc., and Fast Access Specialty Therapeutics, LLC is **DENIED**.

**IT IS FURTHER ORDERED** that the magistrate judge's order issued on October 24, 2012 in this case (Rec. Doc. 241) is hereby adopted in its entirety as the Court's opinion in this matter.

Accordingly;

**IT IS FURTHER ORDERED** that Defendants Ciolino Pharmacy Wholesale Distributors, LLC , JJK Wholesale Distributors, LLC, Ciolino Pharmacy, Inc., C's Discount Pharmacy, Inc., and Fast Access Specialty Therapeutics, LLC are to produce Defendant's expert Jacqueline Tuthill for an updated deposition no later than December 10, 2012.

This 27th day of November 2012.

_____
JAY C. ZAINEY
UNITED STATES DISTRICT JUDGE