UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **J.M. SMITH CORPORATION** | **CIVIL ACTION** |
| **VERSUS** | **NO: 10-1483** |
| **CIOLINO PHARMACY WHOLESALE DISTRIBUTORS, LLC, ET AL.** | **SECTION: "A" (4)** |

## ORDER AND REASONS

Before the Court is a **Motion to Amend Judgment (R. Doc. 249)**, filed by Plaintiffs-in-Counterclaim, Ciolino Wholesale Pharmacy Distributors, LLC, JJK Wholesale Distributors, LLC, Ciolino Pharmacy, Inc., C's Discount Pharmacy, Inc., and Fast Access Specialty Therapeutics, LLC, (collectively, "Ciolino"). The motion is opposed. (R. Doc. 254). The instant motion requests that the Court amend judgment entered in its **Order (R. Doc. 239)** granting in part and denying in part a **Motion to Compel Discovery (R. Doc. 108)** filed by Defendant-in-Counterclaim, J.M. Smith Corporation d/b/a Smith Drug Company, ("Smith"). Specifically, Ciolino requests that the Court amend this Order to the extent it compelled production of certain valuation documents pertaining to two Ciolino Entities: C's Discount Pharmacy, Inc. and Ciolino Pharmacy, Inc., to a third party, CVS. The motion was heard on the briefs on November 21, 2012.

### I.  Factual Background

On May 17, 2010 Smith filed this breach of contract lawsuit as a result of alleged unpaid balances owed to it by Ciolino. Smith's Complaint alleges that Ciolino maintained an open account

with Smith to acquire certain pharmaceuticals. (R. Doc. 1, ¶ 4). Smith alleges that Ciolino owes it $654,336.51 for goods sold and delivered to Ciolino Pharmacy, between November 2009 through December 2009. (R. Doc. 1, ¶ 4). Smith also alleges that Defendant, Steven F. Ciolino, the director of Ciolino Pharmacy, personally guaranteed the debt of Ciolino Pharmacy. (R. Doc. 1, ¶ 5). As a result, Smith seeks damages and legal interest.

On July 19, 2010, Ciolino filed an answer and counterclaim against Smith, alleging breach of contract and unfair trade practices based on Smith's withdrawal from the New Orleans market and termination of the contract. (R. Doc. 10, ¶¶ 47, 49, 51, 53, 55).

On July 18, 2012, the Court heard oral argument on the instant underlying motion, R. Doc. 108. At oral argument, the Court considered Smith's entitlement to acquire certain valuation documents in Ciolino's possession which reflect an apparent May 2012 sale of two Ciolino-controlled companies, C's Discount Pharmacy, Inc. and Ciolino Pharmacy, Inc., to a third party, CVS. The Court stated that these documents were relevant to Smith's claim for continuing damages. The Court orally granted Smith's motion. However, at the end of the hearing, Ciolino's counsel brought to the Court's attention the following:

> MR. SOILEAU: Judge, in addressing your comment concerning whether or not Ciolino entities had made a claim for the diminution of the fair market value, we're looking at the actual original complaint. I believe the complaint states that there was a breach of contract and damages flowed from that which I believe is substantially different from saying there's a --
> THE COURT: That would be different.
> . . .
> MR. SOILEAU: In fact, your Honor, I believe the two specific claims that we are discussing are the main two claims was the unfair trade practice from which damages flowed and/or for breach of contract. We also have a tort claim for detrimental reliance thrown in there as well for good measure. But I don't believe we made a claim --
> THE COURT: Diminution claim?
> MR. SOILEAU: Correct.

> . . .
> THE COURT: . . . You're right.
> . . .
> THE COURT: you lose. You don't get it. It's not relevant.

(R. Doc. 139-4, p. 24). The Court then issued an Order which granted in part and denied in part Smith's motion to compel. (R. Doc. 239). Therein, the Court inadvertently ordered production of the valuation documents which the Court had stated were not relevant because Ciolino had not made a diminution claim. *Id.*

As to the instant motion, Ciolino seeks to amend the judgment to reflect the Court's position as modified by Ciolino's statement at the end of oral argument, which in turn was based upon the allegations set forth in Ciolino's counterclaim. The motion is opposed. The motion was heard on the briefs on November 21, 2012.

## II. <u>Standard of Review</u>

Rule 59(e) governs motions to "alter or amend judgment." *Hamilton Plaintiffs v. Williams Plaintiffs*, 147 F.3d 367, 371 n.10 (5th Cir. 1998). Whether couched as a motion to "reconsider" or to "amend," Rule 59(e) "serve[s] the narrow purpose of allowing a party to correct manifest errors of law or fact or to present newly discovered evidence." *Waltman v. International Paper Co.*, 875 F.2d 468, 473 (5th Cir. 1989). Rule 59(e) has also "been interpreted as covering motions to vacate judgments, not just motions to modify or amend." *Edward H. Bolin Co., Inc. v. Banning Co., Inc.*, 6 F.3d 350, 355 (5th Cir. 1993). Such motions are not the appropriate vehicle for rehashing new evidence, theories, or arguments that could have been provided to the court prior to the entry of judgment. *Templet v. HydroChem Inc.*, 367 F.3d 473, 478-79 (5th Cir. 2004). District courts commonly apply Rule 59(e) standards to non-final discovery disputes. *See, e.g.*, *Montgomery-Smith*

3

*v. Louisiana Department of Health & Hospitals*, No. 08-4737, 2011 WL 1831707, at \*1-\*2 (E.D. La. May 11, 2011); *Caviness v. Atwood*, 2012 WL 1155277, at \*1 (S.D. Miss. Apr. 5, 2012).

Courts in the Eastern District of Louisiana have "generally considered four factors in deciding a motion under the Rule 59(e) standard." *Wylie v. Bank of New York Mellon*, No. 11-2312, 2012 WL 3263734, at \*3 (E.D. La. Aug, 9, 2012). These are that the motion is (1) necessary to correct manifest error of law or fact, (2) the movant presents newly discovered or previously unavailable evidence, (3) the motion is necessary in order to prevent manifest injustice, (4) the motion is justified by an intervening change in controlling law. *Id.* (citing *Castrillo v. American Home Mortgage Servicing, Inc.*, No. 09-4369, 2010 WL 1424398, at \*4 (E.D. La. Apr. 5, 2010).

**III.   Analysis**

The issue is whether the Court should amend judgment or otherwise "reconsider" its previous Order. Of the four factors mentioned in *Wylie*, Ciolino focuses exclusively on factor (1). Here, Ciolino argues that at the July 18, 2012 hearing, the Court initially ruled from the bench permitting compulsion of the "valuation documents," and then reversed course at the end of oral argument based upon review of the complaint which did not assert a claim for diminution of value. (R. Doc. 249-2, p. 3).[1] Ciolino argues that the conflict between these rulings should be construed in its favor, and the Court's written decision be amended accordingly. *Id.*

In opposition, Smith argues that although the Court did reverse its first oral ruling and deny production of the "valuation documents" at the close of oral argument on July 18 ,2012, they should still be produced as they will likely lead to the discovery of admissible evidence because "they likely contain figures of the past performance and future performance of the Retail Stores, which is a

---

[1] Ciolino is defined as "movers" in R. Doc. 249-2.

4

subject of dispute between Smith and the Retail Stores and is a topic on which the Ciolino Entities' expert opines." (R. Doc. 254, p. 2).

In this case, the Court finds that the bare fact that Ciolino's expert "opines" on a topic does not establish the relevancy of that topic as it relates to the particular documents subject to the motion to compel. Further, although Ciolino stated at oral argument that its expert would re-evaluate the current damages claim, and limit it to May 2012, to date there is no indication that such re-evaluation has occurred, this fact alone does not establish the relevance of the discovery. The Court in light of the record consisting of the transcript of the proceeding and the Complaint, hereby amends its Order regarding the discoverability of the diminution of value documents, and hereby denies production of the requested information.

Moreover, because the Court's original **Order (R. Doc. 239)** granted Smith's motion to compel only insofar as it pertained to the valuation documents, Smith's motion is now denied in full.

## IV.   Conclusion

Accordingly,

**IT IS ORDERED** that Plaintiffs-in-Counterclaim, Ciolino Wholesale Pharmacy Distributors, LLC, JJK Wholesale Distributors, LLC, Ciolino Pharmacy, Inc., C's Discount Pharmacy, Inc., and Fast Access Specialty Therapeutics, LLC's, (collectively, "Ciolino") **Motion to Amend Judgment (R. Doc. 249)** is **GRANTED**.

**IT IS FURTHER ORDERED** that the **Order (R. Doc. 239)** issued October 24, 2012, is amended to the extent it compelled production of information concerning CVS' valuation of C's Discount Pharmacy, Inc. and Ciolino Pharmacy, Inc., as reflected in documents that C's Discount Pharmacy, Inc. and Ciolino Pharmacy, Inc. gave to CVS regarding what these companies were

worth, that resulted in the sale of these companies to CVS.  That portion of the Order is now vacated, and Smith's motion to compel these documents is hereby **DENIED**.

New Orleans, Louisiana, this 19th day of December 2012.

**KAREN WELLS ROBY
UNITED STATES MAGISTRATE JUDGE**