UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| J. M. SMITH CORPORATION d/b/a<br>SMITH DRUG COMPANY | CIVIL ACTION |
| VERSUS | NO: 10-1483<br>c/w 10-1786<br>Ref: Both |
| CIOLINO PHARMACY WHOLESALE<br>DISTRIBUTORS, LLC et al. | SECTION: "A" (4) |

## ORDER AND REASONS

Before the Court is a **Motion for Reconsideration of Magistrate's Pretrial Order (Rec. Doc. 267)** filed by Defendants Ciolino Pharmacy Wholesale Distributors, LLC ("CPWD"), JJK Wholesale Distributors, LLC, Ciolino Pharmacy, Inc., C's Discount Pharmacy, Inc., and Fast Access Specialty Therapeutics, LLC (collectively herinafter "the Ciolino Entities"). Plaintiff J. M. Smith Corporation d/b/a Smith Drug Company ("Smith") opposes the motion. The motion, set for hearing on January 2, 2013, is before the Court on the briefs without oral argument. For the reasons that follow, the motion is **DENIED**.

## I. BACKGROUND

The original lawsuit filed by Smith, a pharmaceutical wholesaler, concerns unpaid balances owed on an open account. CPWD maintained an open account with Smith to acquire certain pharmaceuticals. (Compl ¶ 4.). According to Smith, CPWD failed to make payments for goods sold and delivered between November 2009 and December 2009. (*Id.*). As a result, Smith filed suit against CPWD on May 17, 2010, claiming that it is owed $654,336.51 and legal interest. (*See id.*). On July 19, 2010, the Ciolino Entities filed an Answer and Counterclaim against Smith, alleging breach

1

of contract and unfair trade practices based on Smith's withdrawal from the New Orleans market and termination of the contract. (*See* Countercl.).

The Ciolino Entities filed the instant pleading moving the Court to set aside the order issued by Magistrate Judge Roby on November 30, 2012 (Rec. Doc. 262) denying the Ciolino Entities' motion to compel (Rec. Doc. 187), seeking to enter upon land to search Smith's computers. For the following reasons, the instant motion is denied.

A four-day jury trial is set for Tuesday, February 19, 2013, at 8:30 a.m.

## II. <u>DISCUSSION</u>

As the Ciolino Entities properly acknowledge, per 28 U.S.C. § 636(b)(1)(A):

> [A] judge may designate a magistrate judge to hear and determine any pretrial matter pending before the court, except a motion for injunctive relief, for judgment on the pleadings, for summary judgment, to dismiss or quash an indictment or information made by the defendant, to suppress evidence in a criminal case, to dismiss or to permit maintenance of a class action, to dismiss for failure to state a claim upon which relief can be granted, and to involuntarily dismiss an action. A judge of the court may reconsider any pretrial matter under this subparagraph (A) where it has been shown that the magistrate judge's order is clearly erroneous or contrary to law.

28 U.S.C. § 636(b)(1)(A). Per the Federal Rules of Civil Procedure, if a party objects to a magistrate judge's decision, the district judge in the case must consider timely objections and modify or set aside any part of the order that is clearly erroneous or is contrary to law. F.R.Civ.P. 72(a). Under this standard, factual findings are reviewed for clear error, which is present when the reviewing court upon examination of the entire evidence is left with the definite and firm conviction that a mistake has been committed. *Kiln Underwriting Ltd. v. Jesuit High Sch. of New Orleans*, 2008 U.S. Dist. LEXIS 86286, 2008 WL 4724390, at *2 (E.D. La. 2008). Conclusions of law should be overturned when the magistrate fails to apply or misapplies relevant statutes, case law, or rules of procedure. *Id.* For issues that are committed by law to a judge's discretion, such as the resolution of discovery disputes, the

magistrate's rulings are reviewed for abuse of discretion. *Id.*

The Ciolino Entities urge the court to set aside the order of the magistrate judge in this matter. The Court sees no basis given the standard of review and the record before it. The Court finds that the Ciolino Entities have failed to show that the magistrate judge erred in denying their request for entry to inspect Smith's computers for information related to historical prices charged to customers in the relevant times, pricing information, and actual costs paid by Smith.

As the magistrate judge held:

> To be entitled to conduct such a search, a party must first demonstrate the generic traits of any discovery request. First it must show that the information is relevant, and that it would not subject the opposing part to undue burden or expense. Second, it must show that it made a prior request for the ESI, but that information was not produced. . . .
> At the outset, the Court notes that a close reading of Ciolino's position confirms that it *fails to present any argument contrary to Smith's assertion* that it has already provided all pricing information [concerning] pharmaceutical products offered or sold to the Ciolino Entities (Item No. 1), and emails, letters, memoranda, or documents relating to the negotiation, sales, meetings, or relationship between Smith Drug Company and the Ciolino Entities (Item No. 2).

(Rec. Doc. 262 at 7-8) (citations omitted) (emphasis added). The magistrate judge accordingly denied these requests for want of contradictory, much less convincing, argument. *Id.*

The magistrate judge went on to review the discovery that the Ciolino Entities suggested was propounded but denied by Smith. In addressing the issue of cost of goods sold (Item No. 3), the magistrate judge concluded that while the Ciolino Entities complained that the information produced by Smith did not contain the costs and prices for goods sold to the Ciolino Entities, "Ciolino failed to delineate either in his written submissions or during oral argument why the document production by Smith in response [to this request was] inadequate." *Id.* at 9.

In reviewing the request seeking electronic information on pricing programs or pricing schedules offered to Smith's clients (Item No. 4), the magistrate judge concluded that the Ciolino

3

Entities failed to seek this documentation by a less intrusive method. The magistrate judge held that even had the Ciolino Entities done so, the pricing schedules submitted to other clients would not be relevant to the Ciolino Entities' claims in this suit. *Id.* at 10.

The magistrate judge next reviewed the Ciolino Entities' request for all documents relating to inventory shortages, cross shipment of inventory or lack of allocation of inventory from manufacturers (Item No. 5) and found again that the Ciolino Entities had failed to state how this information, if even available – which Smith denies, would be relevant to the claims at issue in the instant dispute. *Id.* at 11.

Lastly, the magistrate judge reviewed the Ciolino Entities' request to search Smith's computers for profit models completed during the June–December 2009 period for accounts managed by Russell Gray (Item No. 6) and found that since none of the previous written requests submitted by the Ciolino Entities had sought this information, the Ciolino Entities had failed to use a less intrusive means for obtaining this information. Accordingly, the Ciolino Entities would not be permitted to enter upon land to search Smith's computers for this information. *Id.*

After a review of the record, the applicable law, the magistrate judge's order and the Ciolino Entities's objections to that order, and the opposition filed by Smith, the Court finds the ruling by Magistrate Judge Roby to be appropriate and hereby approves and adopts it as the Court's opinion in this matter.

### III. CONCLUSION

Accordingly, and for the foregoing reasons;

**IT IS HEREBY ORDERED** that the **Motion for Reconsideration of Magistrate's Pretrial Order (Rec. Doc. 267)** filed by Defendants Ciolino Pharmacy Wholesale Distributors,

LLC , JJK Wholesale Distributors, LLC, Ciolino Pharmacy, Inc., C's Discount Pharmacy, Inc., and Fast Access Specialty Therapeutics, LLC is **DENIED**.

**IT IS FURTHER ORDERED** that the magistrate judge's order issued on October 24, 2012 in this case (Rec. Doc. 241) is hereby adopted in its entirety as the Court's opinion in this matter.

This 3rd day of January 2013.

_____
JAY C. ZAINEY
UNITED STATES DISTRICT JUDGE