UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| J. M. SMITH CORPORATION d/b/a<br>SMITH DRUG COMPANY | CIVIL ACTION |
| VERSUS | NO: 10-1483<br>c/w 10-1786<br>Ref: 10-1483 |
| CIOLINO PHARMACY WHOLESALE<br>DISTRIBUTORS, LLC ET AL | SECTION: "A" (4) |

## ORDER AND REASONS

Before the Court are two **Motions for Partial Summary Judgment (Rec. Docs. 148 and 150)** filed by Defendant, Ciolino Pharmacy Wholesale Distributors, LLC, JJK Wholesale Distributors, LLC, Ciolino Pharmacy, Inc., and C's Discount Pharmacy, Inc. (collectively hereinafter "Defendants"). Plaintiff, J. M. Smith Corporation, d/b/a Smith Drug Company ("Plaintiff"), opposes the motions. The motions, set for hearing on September 12, 2012, are before the Court on the briefs without oral argument.[1] For the reasons that follow, the motions are **DENIED**.

## I. BACKGROUND

The original lawsuit filed by Plaintiff, a pharmaceutical wholesaler, concerns unpaid balances owed on an open account. Defendant maintained an open account with Plaintiff to acquire certain pharmaceuticals. (Compl ¶ 4.) According to Plaintiff, Defendant failed to make payments for goods sold and delivered between November 2009 and December 2009. (*Id.*) As a result, Plaintiff filed suit against Defendant on May 17, 2010, claiming that it is owed $654,336.51 and legal interest. (*See id.*) On

---

[1] The Court notes that oral argument was requested for both motions. After a review of the record the Court is not convinced that oral argument would be helpful.

1

July 19, 2010, Defendant filed an Answer and raised a Counterclaim against Plaintiff, claiming breach of contract and unfair trade practices based on Plaintiff's withdrawal from the New Orleans market and termination of an alleged oral contract between Plaintiff and Defendant. (*See* Countercl.)

Defendant filed the instant motions for partial summary judgment, arguing that it is entitled to summary judgment on the issues of 1) whether a contract between the parties in fact existed (Rec. Doc. 148); and 2) whether Defendant has standing to raise a claim under the Louisiana Unfair Trade Practices Act (LUTPA), whether LUTPA grants a private right of action under the Louisiana Unfair Sales Act (LUSA), and whether Plaintiff had constructive notice that LUSA violations are also violations of the LUTPA. For the following reasons, the motions are DENIED.

## II. DISCUSSION

### A. Contract Issue

Defendant argues, again, that there are no genuine issues of material fact regarding the establishment of an oral contract between Defendant and Plaintiff, and moves for summary judgment on this issue.

Summary judgment is appropriate only if 'the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any," when viewed in the light most favorable to the non-movant, "show that there is no genuine issue as to any material fact." *TIG Ins. Co. v. Sedgwick James*, 276 F.3d 754, 759 (5th Cir. 2002) (citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249-50 (1986)). A dispute about a material fact is "genuine" if the evidence is such that a reasonable jury could return a verdict for the non-moving party. *Id.* (citing *Anderson*, 477 U.S. at 248). The court must draw all justifiable inferences in favor of the non-moving party. *Id.* (citing *Anderson*, 477 U.S. at 255). Once the moving party has initially shown "that there is an absence of

evidence to support the non-moving party's cause," *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986), the non-movant must come forward with "specific facts" showing a genuine factual issue for trial. *Id.* (citing Fed. R. Civ. P. 56(e); *Matsushita Elec. Indus. Co. v. Zenith Radio*, 475 U.S. 574, 587 (1986)). Conclusional allegations and denials, speculation, improbable inferences, unsubstantiated assertions, and legalistic argumentation do not adequately substitute for specific facts showing a genuine issue for trial. *Id.* (citing *SEC v. Recile*, 10 F.3d 1093, 1097 (5th Cir. 1993)).

After a review of the record, finding no substantial difference between the instant motion and the motion for partial summary judgment entered on November 1, 2011 (Rec. Doc. 73), the Court denies the instant motion for partial summary judgment on the issue of the establishment of an oral contract between Plaintiff and Defendants for the reasons previously stated in its order of January 25, 2012. (Rec. Doc. 94).

### B. <u>Unfair Trade Practices Claims</u>

Defendant further seeks summary judgment on the issues of whether Defendant has standing to raise a claim under the Louisiana Unfair Trade Practices Act (LUTPA), whether LUTPA grants a private right of action under the Louisiana Unfair Sales Act (LUSA), and whether Plaintiff had constructive notice that LUSA violations are also violations of the LUTPA.

After a review of the record, finding no substantial difference between the instant motion and the motion for partial summary judgment entered on November 22, 2011 (Rec. Doc. 77), the Court denies the instant motion regarding the issues of standing, private right of action, and notice with respect to their claims under the Louisiana Unfair Sales Act and the Louisiana Unfair Trade Practices Act for the reasons previously stated in its order of January 25, 2012. (Rec. Doc. 94).

IV. CONCLUSION

Accordingly, and for the foregoing reasons;

**IT IS HEREBY ORDERED** that the **Motions for Partial Summary Judgment (Rec. Docs. 148 and 150)** filed by Defendants are **DENIED**.

This 9th day of January, 2013.

JAY C. ZAINEY
UNITED STATES DISTRICT JUDGE