```
                     UNITED STATES DISTRICT COURT
                     EASTERN DISTRICT OF LOUISIANA


J. M. SMITH CORPORATION                      CIVIL ACTION
d/b/a SMITH DRUG COMPANY


                                             NO: 10-1483
VERSUS                                       c/w 10-1786
                                             Ref: Both


CIOLINO PHARMACY WHOLESALE                   SECTION: "A" (4)
DISTRIBUTORS, LLC, ET AL.
```

### ORDER

Before the Court are the following motions, filed by Ciolino Pharmacy Wholesale Distributors, LLC, et al.: **Renewed Motion for Judgment as a Matter of Law and Motion for New Trial (Rec. Doc. 438)**; **Motion for New Trial (Rec. Doc. 439)**; **Motion for Relief from Judgment (Rec. Doc. 461)**. The motions are opposed and are before the Court on the briefs without oral argument. For the reasons that follow, the motions are **DENIED**.

### I. BACKGROUND

This matter commenced in 2010 as a claim by J.M. Smith Corporation ("Smith") against Ciolino Pharmacy Wholesale Distributors, LLC (referred to, along with its other related business entities, collectively as "Ciolino"), under Louisiana Revised Statute 9:2781. Smith sought payment of $654,336.51 for pharmaceutical products purchased by and delivered to Ciolino on open account. In response, Ciolino filed breach of contract and other counter-claims against Smith. The sole basis of this Court's jurisdiction over all the claims was diversity jurisdiction.

This matter was tried to a jury beginning on November 11, 2013, and lasting a total of four days.  At the conclusion of the trial, the jury returned a verdict awarding Smith $654,336.51 on its open account claim and denying all of Ciolino's counter-claims.  The Court subsequently entered a judgment.[1]

Ciolino has filed the instant post-trial motions.  In the Renewed Motion for Judgment as a Matter of Law and Motion for New Trial (Rec. Doc. 438), Ciolino seeks judgment as a matter of law or, in the alternative, a new trial on Smith's open account claim.  In the Motion for New Trial (Rec. Doc. 439), Ciolino seeks a new trial on its breach of contract claim.  In the Motion for Relief from Judgment (Rec. Doc. 461), Ciolino seeks relief from the Court's judgment on the basis that Smith withheld certain documents in the course of discovery.

## II. APPLICABLE LAW

### a.) Rule 50 of the Federal Rules of Civil Procedure

Rule 50 establishes the requirements for a party in a civil jury trial to challenge the sufficiency of evidence either before submission to the jury or after the jury's verdict.[2]  If a court does not grant a party's motion for judgment as a matter of law during trial, the motion may be renewed after the jury's verdict.[3]

---

[1] Rec. Doc. 429.

[2] *Unitherm Food Systems, Inc. v. Swift-Eckrich, Inc.*, 546 U.S. 394, 399 (2006).

[3] *Id.*

2

A court may grant this renewed motion if "the jury's factual findings are not supported by substantial evidence, or if the legal conclusions implied from the jury's verdict cannot in law be supported by those findings."[4]

When deciding a motion for judgment as a matter of law, a court should consider all the evidence "in the light and with all reasonable inferences most favorable to the party opposed to the motion."[5] However, a court may not determine the credibility of a witness nor weigh the evidence presented at trial because those assessments are the functions of the jury.[6] The renewed motion for judgment as a matter of law will be denied if the party opposing the motion can establish a conflict in the evidence on each element of the moving party's claim.[7]

The Fifth Circuit has expressed wariness in upsetting jury verdicts, stating that jury verdicts will be upheld "unless the facts and inferences point so strongly and so overwhelmingly in favor of one party that reasonable [jurors] could not arrive at any

---

[4]*Am. Home Assur. Co. v. United Space Alliance, LLC*, 378 F.3d 482, 488 (5th Cir. 2004).

[5]*Mosley v. Excel Corp.*, 109 F.3d 1006, 1008-09 (5th Cir. 1997) (quoting *Boeing Co. v. Shipman*, 411 F.2d 365, 374 (5th Cir. 1969)).

[6]*Id.* at 1009.

[7]*Goodner v. Hyundai Motor Co.*, 650 F.3d 1034, 1039 (5th Cir. 2011).

verdict to the contrary."[8] The jury verdict can be overturned only if there is "no legally sufficient evidentiary basis for a reasonable jury to find as the jury did."[9]

### b.) Rule 59 of the Federal Rules of Civil Procedure

When renewing a Rule 50 motion for judgment as a matter of law after the jury has rendered a verdict, a party may include a joint request for a new trial under Rule 59.[10] At the request of either party, a court may grant a new trial "for any reason for which a new trial has therefore been granted in an action at law in federal court."[11] The Fifth Circuit has granted a new trial when a "verdict is against the weight of the evidence, the damages awarded are excessive, the trial was unfair, or prejudicial error was committed in its course."[12]

When an action based on state law is tried in federal court due to diversity of citizenship, the court must apply the state's law when granting a new trial.[13] As such, Louisiana law is

---

[8]*Id.* (quoting *Travelers Cas. & Sur. Co. of Am. v. Ernst & Young LLP*, 542 F.3d 475, 481 (5th Cir. 2008); *Cousin v. Trans Union Corp.*, 246 F.3d 359, 366 (5th Cir. 2001)).

[9]*Id.* at 1039-40 (quoting *Foradori v. Harris*, 523 F.3d 477, 485 (5th Cir. 2008)).

[10]Fed. R. Civ. P. 50(b).

[11]Fed. R. Civ. P. 59(a)(1)(A).

[12]*Smith v. Transworld Drilling Co.*, 773 F.2d 610, 613 (5th Cir. 1985).

[13]*Fair v. Allen*, 669 F.3d 601, 604 (5th Cir. 2012).

applicable here.  Under the Louisiana Code of Civil Procedure, a new trial shall be granted "when the verdict appears clearly contrary to the law and the evidence."[14]  Also, a court may grant a new trial "in any case if there is good ground therefor, except as otherwise provided by law."[15]

The determination of whether or not to grant a new trial "rests within the wide discretion of the trial court."[16]  However, the trial court's discretion is limited:

> The fact that a determination on a motion for new trial involves judicial discretion, however, does not imply that the trial court can freely interfere with any verdict with which it disagrees.  The discretionary power to grant a new trial must be exercised with considerable caution.... Fact finding is the province of the jury, and the trial court must not overstep its duty in overseeing the administration of justice and unnecessarily usurp the jury's responsibility.  A motion for new trial solely on the basis of being contrary to the evidence is directed squarely at the accuracy of the jury's factual determinations and must be viewed in that light.  Thus, the jury's verdict should not be set aside if it is supportable by any fair interpretation of the evidence.[17]

c.) Rule 60 of the Federal Rules of Civil Procedure

Rule 60(b) provides the following grounds for relief from an Order of the Court:

(1) mistake, inadvertence, surprise, or excusable

---

[14] La. Code Civ. P. art 1972.

[15] La. Code Civ. P. art 1973.

[16] *Davis v. Wal-Mart Stores, Inc.*, 2000-0445 (La. 11/28/00), 774 So. 2d 84, 93.

[17] *Id.* (quoting *Gibson v. Bossier City Gen. Hosp.*, 594 So.2d 1332 (La. App. 2 Cir. 1991)).

neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party; (4) the judgment is void; (5) the judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or (6) any other reason that justifies relief.[18]

The purpose of Rule 60(b) is to balance the principle of finality of a judgment with the interest of the court in seeing that justice is done in light of all the facts.[19] "[T]he decision to grant or deny relief under Rule 60(b) lies within the sound discretion of the district court and will be reversed only for abuse of that discretion."[20]

**III. ANALYSIS**

    a.) Renewed Motion for Judgment as a Matter of Law and Motion for New Trial (Rec. Doc. 438)

In this motion, Ciolino disputes the jury's verdict in favor of Smith on Smith's open account claim under Louisiana Revised Statute 9:2781. Ciolino contends that the jury's verdict was based on insufficient evidence and was contrary to the uncontroverted evidence that Ciolino was entitled to certain credits. Ciolino makes two separate arguments as to why it was entitled to account

---

[18] Fed. R. Civ. P. 60(b).

[19] *Seven Elves, Inc. v. Eskenazi*, 635 F.2d 396, 401 (5th Cir. 1981).

[20] *Edwards v. City of Houston*, 78 F.3d 983, 995 (5th Cir. 1996) (en banc) (citations omitted).

credits that were not reflected in the jury's verdict.

First, Ciolino argues that the evidence showed that a Smith employee by the name of Russell Gray offered certain rebates to Ciolino in the sale of pharmaceuticals. While Smith denied at trial that Gray had the authority to make such offerings, Ciolino contends that Gray was cloaked with actual or apparent authority, which should hold Smith liable for his actions. Ciolino argues that it is entitled to a new trial because the jury did not take into account the evidence of these credits when rendering the verdict. On the other hand, Smith argues that the testimony of several witnesses at trial, as well as documentary evidence, revealed that Gray was not allowed to and did not offer any rebates to Ciolino.

Next, Ciolino argues that there existed inaccuracies in Smith's account record as to the amount owed by Ciolino. Specifically, Ciolino argues that account documents showed that Smith invoiced certain amounts onto the account prior to issuing rebates to Ciolino for those same amounts. According to Ciolino, a Smith employee by the name of Anthony Thompson, on cross-examination at trial, was unable to explain identical amounts being invoiced on the account and then later appearing as rebates. Ciolino argues that the judgment should be amended to reflect a deduction of $2,323.05 to account for these rebates or, in the alternative, a new trial on this issue should be granted.

Smith disputes Ciolino's entitlement to these rebates. Smith

argues that the evidence at trial showed that Ciolino failed to meet performance benchmarks that were required to receive the rebates and also that Ciolino made "non-sufficient funds" payments which forfeited any rebates pursuant to the terms of Ciolino's credit application.

Once Smith, as the creditor, established a prima facie case of the existence of an open account at trial, the burden shifted to Ciolino, as the debtor, to prove the inaccuracy of the account or that certain credits were due.[21] The amount of an account is a question of fact to be determined by the jury.[22]

Having considered the rebate issues raised by Ciolino, as well as the applicable law, the Court is not persuaded that the findings of the jury should be altered or disturbed in any way. Ciolino's motion is DENIED.

b.) Motion for New Trial (Rec. Doc. 439)

In this motion, Ciolino disputes the jury's verdict in favor of Smith on Ciolino's breach of contract claims. Ciolino makes three separate arguments as to why it is entitled to a new trial.

Ciolino's first argument pertains to the Court's decision to

---

[21]*See, e.g., Deutsch, Kerrigan & Stiles v. Fagan*, 95-0811 (La. App. 1 Cir. 12/15/95), 665 So. 2d 1316, 1320, *writ denied*, 96-0194 (La. 3/15/96), 669 So. 2d 418 ("Once a prima facie case has been established by the plaintiff-creditor, the burden shifts to the debtor to prove the inaccuracy of the account or to prove that the debtor is entitled to certain credits.").

[22]*Id.* ("The amount of an account is a question of fact which may not be disturbed absent manifest error.").

exclude from evidence a pricing list spreadsheet, which Ciolino contends would have helped prove the existence of an oral contract with Smith. Ciolino claims that it attempted to offer the spreadsheet at trial and had witnesses who were prepared to authenticate it, in accordance with the Court's orders.[23] However, Ciolino argues that the Court erroneously ordered that the trial proceed without the spreadsheet.

Prior to trial, the Court ordered the following, pertaining to the spreadsheet at issue: "The expert can refer to any documents s/he referred to, or relied upon in her/his report, but the documents themselves will not be admitted into evidence."[24] In accordance with this order, Ciolino's expert offered testimony at the trial in reference to the pricing list spreadsheet. Furthermore, Ciolino employees testified as to their understanding of any pricing agreement between the parties. As a result, any information from the spreadsheet was made available to the jury through trial testimony, rendering harmless any possible error caused by the exclusion of the spreadsheet.[25]

---

[23]Prior to trial, the Court ordered that all objections as to the authenticity of documents were sustained, subject to the right of the parties to authenticate documents at trial. Rec. Doc. 397, at pg 3.

[24]Rec. Doc. 402, at pg 2.

[25]*See* Fed. R. Civ. P. 61 ("Unless justice requires otherwise, no error in admitting or excluding evidence--or any other error by the court or a party--is ground for granting a new trial, for setting aside a verdict, or for vacating, modifying, or otherwise disturbing a judgment or order. At every stage of the proceeding,

Ciolino's second argument in its motion for a new trial pertains to the verdict form's section on joint venture. Smith argues that under Question 3a of the verdict form, if the jury found Smith to be unaware of the joint venture between the Ciolino Pharmacy Wholesale Distributors, LLC ("CPWD") and JJK Wholesaler Distributors, LLC ("JJK") entities, then the jury was instructed to consider only damages to CPWD, rather than to the joint venture. Ciolino argues that under the proper law, it did not need to prove that Smith was aware of the joint venture in order for Smith to be found liable to the joint venture; therefore, the verdict form was improper.

In light of the instruction that follows Question 3b of the verdict form, the Court agrees with Ciolino's contentions regarding the verdict form.[26] But because the Court is persuaded that the jury's answers to certain other questions on the form preclude

---

the court must disregard all errors and defects that do not affect any party's substantial rights."); *Peters v. Five Star Marine Serv.*, 898 F.2d 448, 450 (5th Cir. 1990) (All of the information available from the excluded reports was made available to the jury through the testimony.).

[26]The Court takes no position on the parties' respective and conflicting contentions regarding the discussions at the charge conference that took place in chambers. The Court does specifically recall, however, that it had reservations regarding Smith's position as to the legal significance of the answer to Question 3a. Therefore, it was the Court's intention that Question 3a be inconsequential to the jury's answers to the subsequent questions on the verdict form in the event that the Court were to determine post-trial that Smith's position with respect to Question 3a was incorrect. Unfortunately, the form instruction that follows Question 3b does render the answer to Question 3a relevant to the issue of damages.

10

Ciolino from recovering the damages that JJK sustained and imputes to the joint venture, any error with the verdict form was harmless.

The Court assumes at this juncture that a joint venture did in fact exist between CPWD and JJK ("CPWD/JJK"). According to Ciolino's theory of the case, CPWD was the buying arm of the joint venture and JJK was the selling arm of the operation. Ciolino argues that the breach of contract claim against Smith is governed by the Louisiana Supreme Court case of *Woodlawn Park Limited Partnership v. Doster Contruction Co.*[27] *Woodlawn* held that an undisclosed principal has a right of action against the party who contracted with the undisclosed principal's agent. Fitting its own case into the mold of *Woodlawn*, Ciolino contends that CPWD was acting as the agent for the CPWD/JJK joint venture, which was an undisclosed principal, when CPWD contracted with Smith.[28]

---

[27]*Woodlawn Park Limited Partnership v. Doster Contruction Co.*, 623 So. 2d 645 (La. 1993).

[28]The Court notes that this contention is contrary to the theory of the case that Ciolino had espoused up until the time that Smith moved for summary judgment on Ciolino's and JJK's breach of contract claims. Smith had argued in support of summary judgment that the CPWD entity had sustained no damages of its own from a contractual breach (assuming that a contract existed), and that the JJK entity had had no contractual privity with Smith, and therefore could not recover for its own "contractual" damages. As Smith points out in its opposition (Rec. Doc. 446, at pg. 10), Ciolino's contentions of a joint venture between CPWD and JJK had their inception in Ciolino's opposition to Smith's motion for summary judgment (Rec. Doc. 170, at pgs. 8-12). Although no allegation regarding a joint venture between CPWD and JJK had previously been made in the lawsuit, Ciolino sought to avoid summary judgment by arguing primarily that JJK was a third party beneficiary to the CPWD contract, and alternatively that a joint venture existed between CPWD and JJK.

Based on the jury's answers to the questions on the verdict form, we now know that a contract existed between CPWD and Smith and that Smith breached that contract.[29] We also know that Smith was unaware of the existence of the CPWD/JJK joint venture, pursuant to Question 3a. Further, Question 3a has no temporal aspect, but based on the course of this litigation,[30] Smith was not aware of the joint venture until Ciolino first raised the contention in its opposition to the motion for summary judgment. Smith attaches great significance to the awareness or knowledge aspect of the joint venture, and in response Ciolino goes back to *Woodlawn* and principles of agency.

The Court is persuaded that *Woodlawn* does not negate the significance of the jury's answer to Question 3a. *Woodlawn* dealt with questions of procedural capacity and an undisclosed principal's standing to enforce a contract. The Court agrees with Ciolino's contention that the issue of knowledge does not *ipso facto* affect the undisclosed principal's ability to recover for a breach.[31]

---

[29]Unfortunately, the verdict form contained no question to test the veracity of Ciolino's contention that CPWD was in fact acting as an agent for the joint venture, as opposed to acting on its own behalf, when it contracted with Smith.

[30]*See* note 28 *supra.*

[31]Of course in this case the joint venture has never been made a party to this litigation. But if the joint venture had attempted to sue in its own name, then *Woodlawn* stands for the proposition that the CPWD/JJK joint venture would have had procedural capacity to sue Smith for breach of contract if CPWD

But what knowledge or awareness does affect is foreseeability, and the question of foreseeability, in the context of a contractual breach, directly affects the scope of the obligor's liability for the damages attributable to a breach.  Louisiana law creates a clear distinction between good faith and bad faith obligors in breach of contract cases.[32]  In this case the jury found that Smith did not breach the contract with CPWD in bad faith (Question 7) which means that Smith can only be liable for those damages that were foreseeable at the time that the contract was made.[33]  Because Smith was not aware of the joint venture between CPWD and JJK until Ciolino filed its opposition to the motion for summary judgment, much less when it contracted with CPWD, the damages that the JJK entity imputes to the joint venture were not foreseeable to Smith and are therefore not recoverable.  Ciolino is not entitled to a new trial on damages.

Ciolino's third argument for a new trial pertains to the jury's finding that no contract was formed between Smith and the Ciolino retailers, C's 1 and C's 2.  Ciolino argues that since the

---

had in fact acted in the capacity as agent for the joint venture.

[32]*See* La. Civ. Code arts. 1996 & 1997.  Article 1996, entitled Obligor in Good Faith, states: "An obligor in good faith is liable **only for the damages that were foreseeable at the time that the contract was made**." (emphasis added). Article 1997, entitled Obligor in Bad Faith, states: "An obligor in bad faith is liable for all the damages, foreseeable or not, that are a direct consequence of his failure to perform."

[33]La. Civ. Code art. 1996.

13

jury's finding was contrary to the great weight of the evidence that Smith formed a contract with these entities, a new trial on the breach of contract claims of C's 1 and C's 2 is warranted. After considering the arguments of the parties, the Court declines to upset the jury's findings on this issue.

The Court is not persuaded that Ciolino is entitled to a new trial on any of its breach of contract claims. Ciolino's motion is DENIED.

### c.) Motion for Relief from Judgment (Rec. Doc. 461)

In the instant motion, Ciolino moves for relief from the Court's judgment entered subsequent to trial in this matter. At the basis of this motion is Ciolino's argument that Smith failed to disclose the entirety of Russell Gray's emails and has prejudiced Ciolino by hiding these emails throughout this litigation.

After trial in this matter, Smith filed its Bill of Costs,[34] seeking to recoup a number of alleged costs incurred. Filed in conjunction therewith was a document representing an invoice for copying services of 368 PDF file conversions and 368 hard copies.[35] A handwritten note on the invoice indicates that the copies were "emails of Russell Gray," apparently delivered to Smith's counsel on a "CD sent from [the] client."[36]

---

[34] Rec. Doc. 435.

[35] Rec. Doc. 441-3, at pg. 17.

[36] *Id.*

According to Ciolino, Smith provided 244 pages of email documents during discovery in response to Ciolino's requests. Ciolino contends that the 368 pages reflected on the invoice shows that Smith failed to disclose all of Gray's emails, but rather selected 244 pages out of the 368 available and produced only those. Ciolino contends that these withheld documents "warrant Rule 60(b) relief on several disjuncts, such as newly discovered evidence or misconduct by the opposing party." Ciolino admits it does not know the contents of the disk, but claims it is entitled to inspect the disk and should be given the opportunity to supplement its post-trial motions with information it may collect from the disk.

In opposition, Smith argues that Ciolino's motion fails because it is based on the illogical presumption that "in every civil litigation every document a lawyer receives from his client should be produced." Smith contends that it never claimed to have produced all of the documents related to Gray's emails, but rather expressly produced only those which it identified as relating to Ciolino. Smith contends that the emails it identified as irrelevant to this litigation and therefore chose not to disclose were "junk emails, emails between Gray and other customers,[37] emails between Gray and his wife or his family attorney, and emails

---

[37]According to Smith, Gray had eleven customers, nine of which were unrelated to Ciolino.

15

containing Gray's expense reports."[38]

The Court has no reason to discredit the representations of Smith's counsel that the emails responsive to Ciolino's discovery requests were provided and that any emails withheld were irrelevant to this litigation. Therefore, the Court is not persuaded that Ciolino is entitled to relief from the Court's judgment under Rule 60. Ciolino's motion is DENIED.

## IV. CONCLUSION

Accordingly, and for the foregoing reasons;

**IT IS ORDERED** that the **Renewed Motion for Judgment as a Matter of Law and Motion for New Trial (Rec. Doc. 438)** filed by Ciolino Pharmacy Wholesale Distributors, LLC, *et al.* is **DENIED**;

**IT IS FURTHER ORDERED** that the **Motion for New Trial (Rec. Doc. 439)** filed by Ciolino Pharmacy Wholesale Distributors, LLC, *et al.* is **DENIED**;

**IT IS FURTHER ORDERED** that the **Motion for Relief from Judgment (Rec. Doc. 461)** filed by Ciolino Pharmacy Wholesale Distributors, LLC, et al. is **DENIED.**

This 2nd day of July, 2014.

_____
Judge Jay C. Zainey
United States District Court

---

[38] Rec. Doc. 464, at pg. 4.