```
                    UNITED STATES DISTRICT COURT
                    EASTERN DISTRICT OF LOUISIANA

J. M. SMITH CORPORATION                      CIVIL ACTION

                                             NO: 10-1483
VERSUS                                       c/w 10-1786
                                             Ref: Both

CIOLINO PHARMACY WHOLESALE                   SECTION: "A" (4)
DISTRIBUTORS, LLC, ET AL.
```

**ORDER AND REASONS**

Before the Court is a <u>Motion for Attorneys' Fees and Costs (Rec. Doc. 430)</u> filed by Plaintiff JM Smith Corporation. Defendant Ciolino Pharmacy Wholesale Distributors, LLC, opposes the motion. The motion is before the Court on the briefs without oral argument.

**I. BACKGROUND**

This matter commenced in 2010 as an open account claim by J.M. Smith Corporation ("Smith") against Ciolino Pharmacy Wholesale Distributors, LLC (referred to, along with its other related business entities, collectively as "Ciolino"). Smith sought payment of $654,336.51 for pharmaceutical products purchased by and delivered to Ciolino on open account. In response, Ciolino filed breach of contract and various other counterclaims against Smith. The sole basis of this Court's jurisdiction over all the claims was diversity jurisdiction.

This matter was tried to a jury beginning on November 11, 2013, and lasting a total of four days. At the conclusion of the trial, the jury returned a verdict awarding Smith $654,336.51 on

1

its open account claim and denying all of Ciolino's counterclaims. The Court subsequently entered a judgment.

After trial, Smith filed the instant Motion for Attorneys' Fees and Costs (Rec. Doc. 430). In the motion Smith sought reimbursement of $793,604.75 in attorneys' fees and $234,621.25 in costs incurred in connection with this litigation.

On July 31, 2014, the Court issued an order finding that the Louisiana open account statute, La. R.S. 9:2781, entitled Smith to reimbursement of attorneys' fees for time spent pursuing its open account claim, but not for time spent defending against Ciolino's counterclaims. The Court also found that the Application for Credit[1] and the Continuing Guaranty[2] executed by Ciolino further entitled Smith to recover the costs it incurred in prosecution of its open account claim. Since the Court was unable to differentiate between what attorneys' fees and costs Smith incurred in pursuing its open account claim, as opposed to defending against Ciolino's counterclaims, the Court ordered additional briefing so that it could determine the amount of recovery.

On August 7, 2014, Smith submitted supplemental briefing on the instant motion, tailoring its requests to include attorneys' fees and costs in relation to its open account claim only. Smith now seeks reimbursement of $288,059.00 in attorneys' fees and

---

[1]Rec. Doc. 430-2, at pg. 126.

[2]*Id.*, at pg. 125.

$71,665.70 in costs incurred in prosecution of its open account claim.

## II. ANALYSIS

### a.) Attorneys' Fees

Having already found that an award of attorneys' fees is warranted, the Court must now determine a reasonable attorneys' fees award. The Fifth Circuit has held that when state law provides the rule of decision for the substantive issues in a case, state law controls both the award of and the reasonableness of attorneys' fees.[3] Since Smith brought suit pursuant to the Louisiana open account statute, the Court will apply Louisiana law in considering the reasonableness of attorney's fees. The amount of reasonable attorneys' fees to be awarded under the Louisiana open account statute is "left to the sound discretion of the trial judge, and that amount should not be disturbed on appeal absent a showing of abuse of that discretion."[4]

In *State v. Williamson*, the Louisiana Supreme Court outlined ten factors for the courts to take into consideration when determining the reasonableness of an attorneys' fees award.[5] These factors include:

---

[3] See *Mathis v. Exxon Corp.*, 302 F.3d 448, 461 (5th Cir. 2002).

[4] *Law Offices of Fred L. Herman, APLC v. Helmer*, 128 So. 3d 310, 313 (La. App. 5 Cir. 2013) (citing *Metropolitan Reporters, Inc. v. Avery*, 665 So.2d 547 (La. App. 5 Cir. 1995)).

[5] *State v. Williamson*, 597 So.2d 439, 442 (La. 1992).

> (1) the ultimate result obtained; (2) the responsibility incurred; (3) the importance of the litigation; (4) amount of money involved; (5) extent and character of the work performed; (6) legal knowledge, attainment, and skill of the attorneys; (7) number of appearances made; (8) intricacies of the facts involved; (9) diligence and skill of counsel; and (10) the court's own knowledge.[6]

The *Williamson* factors are permissive and consideration of all of them is not mandatory.[7]

Here, the result ultimately obtained by Smith's counsel was a favorable disposition of the case after a jury trial. The amount of money involved in the instant matter, $654,336.51, was substantial. Accordingly, it was extremely important for Smith to recover such a substantial sum of money that was owed to it.

Throughout the litigation, Smith was represented by three partners of local law firms, who were assisted by various associates and paralegals. It involved great responsibility by the attorneys to prepare and carry Smith's open account claim through trial. The extent of work performed by Smith's attorneys was also substantial, in light of the four years that have elapsed from the date of the initial complaint and the many appearances necessitated during that time. Through these appearances, as well as extensive motion practice, the Court saw firsthand the work expended in this matter.

---

[6] *Id.*

[7] *GMAC Commercial Mortgage Corp. ex rel. Lasalle National Bank v. Chateau Deville Apartments Partnership*, No. 02-1845, 2003 WL 21674467, at *2 n. 1 (E.D. La. 2003) (Vance, J.) (citing *Fourchon Docks, Inc. v. Milchem Inc.*, 849 F.2d 1561, 1568 (5th Cir. 1988)).

After considering the *Williamson* factors, the Court finds $260,000.00 to be a reasonable amount of attorneys' fees for the work performed by Smith's counsel to prosecute its open account claim.

b.) Costs

Having already found that an award of costs is appropriate, the Court must now determine the amount of costs to be awarded. In compliance with the Court's previous order, Smith submitted the costs it incurred in prosecution of its open account claim, along with the supporting documentation. The Court accepts the assertions of Smith's counsel, as officers of the Court. Accordingly, the Court finds that Smith is entitled to reimbursement of $71,600.00 for costs incurred in prosecution of its open account claim.

Accordingly;

**IT IS ORDERED** that Plaintiff's <u>Motion for Attorneys' Fees and Costs (Rec. Doc. 430)</u> is **GRANTED** in that Smith is awarded $260,000.00 in attorneys' fees and $71,600.00 in costs related to the prosecution of its open account claim.

August 22, 2014

_____
JAY C. ZAINEY
UNITED STATES DISTRICT JUDGE

5